[Cite as *Westside Hanna Group, L.L.C. v. Perfect Property Preservation, L.L.C.*, 2026-Ohio-2716.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

WESTSIDE HANNA GROUP, LLC,  :

    Plaintiff-Appellee,  :

                  No. 115615

    v.  :

PERFECT PROPERTY
PRESERVATION, LLC, ET AL.,  :

    Defendants-Appellants.  :

---

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 16, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-104576

---

*Appearances:*

David Annayan, *pro se.*

Gallagher Sharp LLP, Markus E. Apelis, and Jennifer L. Gardner, *for appellees* Perfect Property Preservation LLC; Cecil Simpson; and Darryl Foxhall.

MARY J. BOYLE, J.:

{¶ 1} Defendant-crossclaimant/appellant David Annayan ("Annayan"), pro se, appeals the trial court's judgment granting the motion for judgment on the pleadings filed by defendants-crossclaim-defendants/appellees Perfect Property

Preservation, LLC, Cecil Simpson, and Darryl Foxhall (collectively "Perfect Property"). He raises the following four assignments of error for review:

> **Assignment of Error I:** The trial court erred in granting judgment on the pleadings under Civ.R. 12(C) because the pleadings and incorporated documents stated viable claims for relief.

> **Assignment of Error II:** The trial court erred in determining that no set of facts could entitle [Annayan] to relief, contrary to Civ.R. 12(C) and controlling precedent.

> **Assignment of Error III:** The trial court erred in dismissing the cross-claims with prejudice at the pleadings stage before discovery, contrary to Ohio's strong preference for decisions on the merits.

> **Assignment of Error IV:** The trial court erred by dismissing without providing the reasonable time required under Civ.R. 17(A) to allow ratification, substitution, or joinder following the notarized assignment of rights.

{¶ 2} For the reasons set forth below, we affirm.

## I. Facts and Procedural History

{¶ 3} This case arises out of damages that plaintiff Westside Hanna Group, LLC ("Westside Hanna") alleges Perfect Property caused while renovating a house owned by Westside Hanna located in Lakewood, Ohio (the "property"). In September 2024, Westside Hanna filed a complaint against Perfect Property and Annayan, alleging negligence and breach-of-contract causes of action against Perfect Property, and breach-of-contract and vicarious-liability causes of action against Annayan. According to Westside Hanna, it hired Annayan to serve as the general contractor overseeing the renovations by Perfect Property. Annayan and Perfect Property entered into a General Contractor Agreement ("agreement") in August 2020. Annayan signed the agreement as the owner of the property and

Perfect Property signed as the general contractor. Westside Hanna alleged that during the course of its work, Perfect Property caused damage to the property in excess of $25,000. In response to the complaint, Perfect Property filed its answer and Annayan, through counsel, filed his own answer and crossclaim against Perfect Property alleging that Perfect Property breached their agreement. Annayan further alleged causes of action for negligence and trespass against Perfect Property.

{¶ 4} On May 1, 2025, Westside Hanna voluntarily dismissed, without prejudice, all claims it asserted against Annayan.[1] Then on May 28, 2025, Annayan filed a pro se motion to substitute the real party in interest under Civ.R. 17(A), requesting that he be substituted as the plaintiff because Westside Hanna assigned all of its rights to him through an assignment agreement executed on May 24, 2025. Perfect Property opposed, arguing that Annayan does not have standing and is not the real party in interest because he is not a legitimate party to the contract with Perfect Property, nor the owner of the property where they performed the renovations. Perfect Property further argued that the assignment is void because Annayan, as the managing member of Westside Hanna, cannot represent the company unless he is an attorney.[2]

---

[1] The trial court granted Annayan's motion to withdraw counsel on May 15, 2025. On that same day, the court also granted Westside Hanna's motion to withdraw counsel.

[2] We note that Perfect Property attached as an exhibit to its brief in opposition a copy of Westside Hanna's corporate filings from the Ohio Secretary of State, which lists Annayan as the managing member of Westside Hanna. *See State ex rel. S.Y.C. v. Floyd*, 2021-Ohio-3467, ¶ 12, fn. 1 (8th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8, 10 (finding that a court can take judicial notice of judicial opinions and public records accessible from the internet).

**{¶ 5}** On July 9, 2025, the trial court dismissed Westside Hanna's complaint, without prejudice, for its failure to comply with the court's order and obtain new counsel. Then, on July 21, 2025, Perfect Property filed a motion for judgment on the pleadings on Annayan's crossclaims, arguing that Annayan does not have standing because Westside Hanna's complaint was dismissed and he is not the owner of the property. Annayan opposed the motion, arguing that Perfect Property waived any objection to standing by failing to raise it in its answer. On August 28, 2025, the trial court granted Perfect Property's motion for judgment on the pleadings, finding "there are no set of facts under which [Annayan] could prove a claim for relief, and that [Perfect Property is] entitled to judgment as a matter of law. [Annayan's] claims are dismissed with prejudice." (Journal entry, Aug. 28, 2025.)

**{¶ 6}** It is from this order that Annayan now appeals, raising four assignments of error for review, which shall be discussed together where appropriate.

## II. Law and Analysis

### A. Motion for Judgment on the Pleadings

**{¶ 7}** Within the first, second, and third assignments of error, Annayan argues that the trial court improperly granted Perfect Property's motion for judgment on the pleadings under Civ.R. 12(C).

**{¶ 8}** "A Civ.R. 12(C) motion for judgment on the pleadings presents questions of law, the determination of which is restricted solely to the allegations in

the pleadings and any writings attached to the pleadings." *Crenshaw v. Jones*, 2022-Ohio-3913, ¶ 6 (8th Dist.), citing *Peterson v. Teodosio*, 34 Ohio St.2d 161 (1973). A motion for judgment on the pleadings is limited to the pleadings and can be granted when the court, after construing the pleadings most favorably to the nonmoving party, finds beyond doubt that the nonmoving party could prove no set of facts in support of a claim for relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996), citing *Lin v. Gatehouse Constr. Co.*, 84 Ohio App.3d 96, 99 (8th Dist. 1992).

{¶ 9} Appellate review of motions for judgment on the pleadings is de novo. *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362 ¶ 5; *Cincinnati v. Beretta U.S.A. Corp.*, 2002-Ohio-2480. "Thus, the granting of judgment on the pleadings is only appropriate where the plaintiff has failed to allege a set of facts that, if true, would establish the defendant's liability." *Torrance v. Rom*, 2020-Ohio-3971, ¶ 21 (8th Dist.), citing *Chromik v. Kaiser Permanente*, 2007-Ohio-5856, ¶ 8 (8th Dist.), citing *Walters v. First Natl. Bank of Newark*, 69 Ohio St. 2d 677 (1982).

{¶ 10} Annayan contends that judgment on the pleadings was improper because when the documents (the agreement, the notarized acknowledgment of damage, and the notarized assignment) he attached to his crossclaim are considered, his pleading states valid causes of action. He further contends that the court resolved factual issues rather than accepting them as true and he was prejudiced by the dismissal because factual issues remain unresolved. Perfect

Property argues the court properly dismissed Annayan's crossclaim because Annayan lacks standing. We agree with Perfect Property.

{¶ 11} As this court stated in *Torrance*:

"Standing" is defined as "[a] party's right to make a legal claim or seek judicial enforcement of a duty or right." *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27, citing Black's Law Dictionary 1442 (8th Ed.2004). A party must establish standing to sue before a court can consider the merits of a legal claim. *Ohio Contrs. Assn. v. Bicking*, 71 Ohio St.3d 318, 320, 1994-Ohio-183, 643 N.E.2d 1088 (1994).

*Id.* at ¶ 23. The Ohio Supreme Court has stated that "'"the question of standing depends on whether the party has alleged * * * a 'personal stake in the outcome of the controversy.'"'" *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 2012-Ohio-5017, ¶ 21, quoting *Cleveland v. Shaker Hts.*, 30 Ohio St.3d 49, 51 (1987), quoting *Middletown v. Ferguson*, 25 Ohio St.3d 71, 75 (1986), quoting *Sierra Club v. Morton*, 405 U.S. 727, 731-732 (1972), quoting *Baker v. Carr*, 369 U.S. 186, 204 (1972).

{¶ 12} "'To have standing, a party must have a personal stake in the outcome of a legal controversy with an adversary.' *Kincaid v. Erie Ins. Co.*, 2010-Ohio-6036, ¶ 9, citing *Pyro* at ¶ 27. The lack of standing may require a court to dismiss an action. *Thies v. Wheelock*, 2017-Ohio-8605, ¶ 10 (2d Dist.)." *Torrance* at ¶ 23. Moreover, "'standing is to be determined as of the commencement of suit.'" *Schwartzwald* at ¶ 24, quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570-571, fn. 5 (1992).

{¶ 13} In his crossclaim, Annayan asserted a breach-of-contract cause of action against Perfect Property. Even though Annayan signed the agreement with

Perfect Property as the owner of the property, the record is clear that Westside Hanna is the owner of the property, not Annayan.

{¶ 14} In Ohio, "[o]nly a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract[.]" *Thornton v. Windsor House*, 57 Ohio St.3d 158, 161 (1991), citing *Visintine & Co. v. New York, Chicago, & St. Louis RR. Co.*, 169 Ohio St. 505 (1959). An incidental third-party beneficiary does not. *Torrance*, 2020-Ohio-3971, ¶ 32 (8th Dist.), citing *Trinova Corp. v. Pilkington Bros., P.L.C.*, 70 Ohio St.3d 271, 277 (1994); *Thornton* at 161.

{¶ 15} "For a third party to be an intended beneficiary of a contract under Ohio law, 'there must be evidence that the contract was intended to directly benefit that third party.'" *Id.* at ¶ 34, quoting *Huff v. FirstEnergy Corp.*, 2011-Ohio-5083, ¶ 12; *Koster v. Mohammed Chowdhury*, 2016-Ohio-5704, ¶ 8 (8th Dist.). To determine whether a third party is an intended or incidental beneficiary, Ohio courts apply an "intent to benefit" test:

> "* * * Under this analysis, if the promisee * * * intends that a third party should benefit from the contract, then that third party is an 'intended beneficiary' who has enforceable rights under the contract. If the promisee has no intent to benefit a third party, then any third-party beneficiary to the contract is merely an 'incidental beneficiary,' who has no enforceable rights under the contract.
>
> * * * [T]he mere conferring of some benefit on the supposed beneficiary by the performance of a particular promise in a contract [is] insufficient; rather, the performance of that promise must also satisfy a duty owed by the promisee to the beneficiary."

*Hill v. Sonitrol of Southwestern Ohio*, 36 Ohio St.3d 36, 40 (1988), quoting *Norfolk & W. Co. v. United States*, 641 F.2d 1201, 1208 (6th Cir. 1980); *see also Trinova* at

277-278. "'Generally, the parties' intention to benefit a third party will be found in the language of the agreement.'" *Torrance* at ¶ 36, quoting *Huff* at ¶ 22 ("[F]or an injured third party to qualify as an intended third-party beneficiary under a written contract, the contract must indicate an intention to benefit that third party."); *see also Meinert Plumbing v. Warner Indus.*, 2017-Ohio-8863, ¶ 54 (8th Dist.).

{¶ 16} A review of the agreement in this case does not indicate an intention to benefit Annayan in his personal capacity. Indeed, there is no language establishing a direct benefit to Annayan on behalf of Westside Hanna as the property owner. Furthermore, a limited liability company, such as Westside Hanna, exists as an entity separate from its members and is capable of suing and of being sued. *Torrance* at ¶ 38, citing *Trickett v. Masi*, 2018-Ohio-4270, ¶ 19 (11th Dist.), citing *Disciplinary Counsel v. Kafele*, 2006-Ohio-904, ¶ 18; *Cleveland Bar Assn. v. Pearlman*, 2005-Ohio-4107, ¶ 36 (O'Donnell, J., dissenting); and *Ogle v. Hocking Cty.*, 2014-Ohio-5422, ¶ 25 (4th Dist.). "Thus, members of a limited liability company, even if they are the sole members of the company, do not have standing to sue on its behalf." *Id.*, citing *Ogle*. Because limited liability companies are treated as separate entities, there is no basis to conclude that Annayan, in his personal capacity, was an intended third-party beneficiary. Any damages sustained as a result of Perfect Property's alleged breach of contract were exclusively owed to Westside Hanna — the owner of the property.[3]

---

[3] We point out that Annayan has brought other similar proceedings related to property owned by Westside Hanna in the Cuyahoga County Court of Common Pleas: *David Annayan v. Jon Brown, et al.*, Cuyahoga C.P. No. CV-21-949029 (Nov. 9, 2021)

{¶ 17} Moreover, Annayan cannot proceed on behalf of Westside Hanna. While it is well-established that an individual may proceed pro se in any court, that same individual cannot represent the interests of a corporate entity in court. *State v. Block*, 2007-Ohio-1979 ¶ 4 (8th Dist.), citing Gov. Bar. R. VII § 4(A). Nor may a statutory agent represent a company in a legal proceeding unless that agent is also an attorney. *Office of Disciplinary Counsel v. Shrode*, 2002-Ohio-1759, ¶ 9. Therefore, Annayan had no standing to invoke the jurisdiction of the common pleas court, and the motion for judgment on the pleadings was properly granted.

{¶ 18} Lastly, we note that Westside Hanna dismissed its claim against Annayan and the court dismissed Westside Hanna's complaint against Perfect Property. Annayan brought his crossclaim against Perfect Property as part of his answer to Westside Hanna's complaint against him, which was dismissed. The

---

("Plaintiff, David Annayan, does not purport to be an attorney and is not listed on the Ohio roll of attorneys. The parties are hereby placed on notice that the court intends to address plaintiff's standing to prosecute this action in his individual capacity[.]"). This case was ultimately dismissed on a motion for judgment on the pleadings on the grounds of insufficient service. (Journal entry, Oct. 13, 2022.); *David Annayan v. Adam Melendez & A.M. Building Renovation, et al.*, Cuyahoga C.P. No. CV-21-954806 (Feb. 2, 2022), ("[T]he transactions at issue were conducted through a corporate entity, Westside Hanna Group, LLC. For example, that corporate entity, not plaintiff, owns the purportedly damaged property according to public records. Plaintiff David Annayan is not free to style claims belonging to the corporation as claims belonging to himself, and thereby proceed 'pro se.'"). Ultimately, Annayan dismissed that action. (Journal entry, May 11, 2022.); *David Annayan v. Chucks Construction, LLC & Chokri Ben Haloua*, Cuyahoga C.P. No. CV-23-977796 (Dec. 15, 2023) ("Plaintiff David Annayan is attempting to recover from the defendants for a breach of a contract to which he is not a party. If Annayan were permitted to so recover, the defendants would still be in jeopardy of being sued by the actual counterparty to the contract, namely Westside Hanna Group, LLC. The prospect of double liability is just one reason why a plaintiff must have standing to bring a lawsuit. Annayan does not have standing because he is neither a party nor an intended third party beneficiary to the contract."). Defendants prevailed on summary judgment in that case.

crossclaims include requests for indemnification and contribution under the agreement, which were mooted by the dismissal of Westside Hanna's complaint because there were no other claims brought against Annayan.

{¶ 19} Accordingly, we find the trial court did not err in dismissing Annayan's crossclaim based on his lack of standing to pursue the claims against Perfect Property.

{¶ 20} The first, second, and third assignments of error are overruled.

**B. Real Party in Interest**

{¶ 21} In the fourth assignment of error, Annayan argues that trial court violated Civ.R. 17(A) by not allowing him reasonable time for ratification or substitution, once he filed the notarized assignment of rights and interests between Westside Hanna and himself.

{¶ 22} Civ.R. 17(A) provides in relevant part that "[e]very action shall be prosecuted in the name of the real party in interest. . . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest."

{¶ 23} In *Schwartzwald*, however, the Ohio Supreme Court held that a plaintiff cannot retroactively become the real party in interest in order to cure a lack of standing at the filing of the complaint. The Court stated: "[A] litigant cannot pursuant to Civ.R. 17(A) cure the lack of standing after commencement of the action

by obtaining an interest in the subject of the litigation and substituting itself as the real party in interest." *Schwartzwald*, 2012-Ohio-5017, at ¶ 39.

{¶ 24} In this case, Annayan attempted to cure the lack of standing with the execution of the assignment of rights and his motion to substitute himself as the real party in interest after Westside Hanna dismissed its claim against him. His attempt was improper — he cannot retroactively become the real party in interest in order to cure the lack of standing at the time he filed his crossclaim. *Id.* at ¶ 39.

{¶ 25} Therefore, the fourth assignment of error is overruled.

{¶ 26} Judgment is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN T. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR